UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY ANN ADAMS,

                              Plaintiff,

           v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

<u>DECISION AND ORDER</u>

17-CV-6674L

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

       On March 7, 2012, plaintiff, then forty-six years old, filed applications for Supplemental Security Income benefits, and for a period of disability and insurance benefits, alleging an inability to work since May 30, 2010. (Administrative Transcript, Dkt. #9 at 10).[1] Her applications were initially denied. Plaintiff requested a hearing, which was held on May 22, 2013 via videoconference before Administrative Law Judge ("ALJ") Bruce S. Fein. The ALJ issued a decision on August 15, 2013, concluding that plaintiff was not disabled under the Social Security Act.

       The ALJ's initial decision was vacated by the Appeals Council on March 25, 2015, and the matter was remanded to the ALJ, with instructions to: (1) obtain additional evidence to complete the record; (2) reconsider plaintiff's residual functional capacity ("RFC") in light of the additional

---

1 Note that the Administrative Transcript portions cited herein are identified using the internal Bates-stamped pagination utilized by the parties.

evidence; (3) further evaluate the plaintiff's ability to perform her past relevant work; and (4) if warranted, to obtain evidence from a vocational expert.

On February 2, 2016, after obtaining additional evidence, the ALJ held a second video hearing, at which plaintiff and vocational expert Esperanza DiStefano testified. At the request of plaintiff's counsel, the ALJ held open the record following the hearing to receive additional medical evidence.

On April 13, 2016, the ALJ issued a new decision, again concluding that plaintiff is not disabled. That decision became the final decision of the Commissioner when the Appeals Council denied review on August 1, 2017. (Dkt. #9 at 1-3). Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. #11), and the Commissioner has cross moved (Dkt. #16) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision exhaustively summarizes plaintiff's medical records, which reflect treatment for depressive disorder, conduct disorder, attention deficit hyperactivity disorder

("ADHD"), post-traumatic stress disorder ("PTSD"), social phobia, generalized anxiety disorder, chronic obstructive pulmonary disease ("COPD"), bilateral hip pain, bilateral knee pain, and left ankle pain – all of which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #9 at 13).

Upon consideration of the record, the ALJ determined that plaintiff has the RFC to perform light work, with the ability to lift and carry up to 10 pounds frequently and 20 pounds occasionally, and stand, sit or walk for up to six hours in an eight-hour workday with normal breaks. Plaintiff can occasionally perform all postural activities, and must avoid concentrated exposure to respiratory irritants and chemicals. She can have no more than occasional interaction with the public, coworkers and supervisors, and is limited to simple, routine, repetitive tasks in a low-stress environment (defined as involving no more than occasional decision-making or judgment, and no more than occasional changes to the work setting). (Dkt. #9 at 19).

Given this RFC, vocational expert Esperanza DiStefano testified that plaintiff would be unable to return to her past relevant work as a cashier or cook, but could perform the representative positions of housekeeping-cleaner, photocopying machine operator, marker, router, and electrical equipment assembler. (Dkt. #9 at 27, 56-57).

I believe the evidence supports the ALJ's findings concerning the nature and extent of plaintiff's exertional and nonexertional limitations, and that his finding that the plaintiff was not disabled was supported by substantial evidence and was not the product of legal error.

### I. The ALJ's Duty to Complete the Record

On remand by the Appeals Council, the ALJ was directed to, "[i]f warranted and available, obtain additional evidence concerning the claimant's impairments . . . in accordance with the

regulatory standards regarding consultative examinations and existing medical evidence." (Dkt. #9 at 116). Plaintiff argues that the ALJ thereafter did not obtain additional evidence concerning plaintiff's RFC, and thus failed to complete the record.

The Court disagrees. Initially, the Appeals Council's remand order expresses no concern with respect to evidence of plaintiff's limitations: rather, the Appeals Council believed that the record was insufficient to determine the RFC required for plaintiff's past employment, and in particular, to ascertain the correct classification of her prior job as a food service cook, as she performed it – an issue which became moot when the ALJ later determined, in the decision appealed-from, that plaintiff was unable to return to her past relevant work. (Dkt. #9 at 115-16).

Moreover, there is no indication that the record was incomplete, such that obtainment of additional evidence (other than vocational expert testimony, which the ALJ did obtain) was "warranted." The record consisted of over 650 pages, including over 200 pages of medical records and medical opinions from multiple treating and examining physicians as to plaintiff's mental and physical RFC. Moreover, plaintiff has not demonstrated that there are pertinent records, supporting her claim of disability, that are missing. To the contrary, at the outset of plaintiff's supplemental hearing, plaintiff's counsel conceded that the record was complete, and at no point did the ALJ refuse to accept any and all additional evidence proffered by plaintiff. (Dkt. #9 at 45, 47). I therefore find that the ALJ satisfied his duty to complete the record, and that the obtainment of additional evidence was not warranted.

## II. The ALJ's Evaluation of Medical Opinions

Plaintiff also objects to the ALJ's discussion of the opinion of consulting internist Dr. Look Persaud, arguing that although the ALJ purported to give Dr. Persaud's opinion "substantial"

4

weight, he failed to explain how it supported his RFC finding. I do not find that the ALJ's assessment of Dr. Persaud's opinion, or the manner in which it was incorporated into his RFC finding, was erroneous.

Dr. Persaud examined plaintiff on May 16, 2012, and after testing plaintiff's strength, range of motion, etc. found that plaintiff has "no restrictions to sitting, standing, and walking on uneven surfaces," "mild" restrictions for bending, twisting and turning, a "moderate restriction" for kneeling, crawling, and walking on uneven terrain, inclines, ramps and stairs, and "moderate to marked" restrictions for squatting, lifting, carrying, pushing and pulling. (Dkt. #9 at 607-11). The ALJ determined that Dr. Persaud's opinion was deserving of "significant" weight and was "not inconsistent" with the exertional and postural demands of light work. He accordingly incorporated relevant limitations with regard to postural activities (e.g., bending, squatting, crouching, kneeling, and crawling) into his RFC finding, specifying that they were to be performed no more than occasionally. (Dkt. #9 at 19, 24).

Although plaintiff argues – correctly – that the ALJ did not specifically identify the evidence of record which persuaded him to afford Dr. Persaud's opinion significant weight, the ALJ's assessment of Dr. Persaud's opinion was nonetheless supported by substantial evidence of record, which the ALJ had already summarized and discussed throughout his opinion. *See e.g.*, Dkt. #9 at 20-21 (summarizing treatment records relative to pain in the hips, knees and/or left ankle, and noting objective measurements showing limited squat and limited range of motion in hips and knees, but with normal gait and full strength in all extremities); Dkt. #9 at 658-66 (evaluations from plaintiff's physician, Dr. Thomas Kuettel, note no exertional or postural limitations).

In any event, plaintiff does not argue, and does not point out any evidence to suggest, that the ALJ overlooked relevant evidence of record concerning plaintiff's exertional and postural limitations, that Dr. Persaud's opinion was not entitled to the significant weight ascribed to it by the ALJ, or that the ALJ's conclusion (that Dr. Persaud's opinion supported a finding that plaintiff was able to perform a limited range of light work) was erroneous. I therefore find no reason to disturb it.

Plaintiff also argues that the opinions of treating physician Dr. Kuettel (which the ALJ gave "some" weight) were overly vague, due to the fact that the check-box headings on the forms Dr. Kuettel used asked him to characterize plaintiff's functional limitations using terms like "moderately limited." (Dkt. #9 at 659, 661). The Court disagrees. Dr. Kuettel's "check-box" answers were augmented by narrative answers describing plaintiff's diagnoses, treatment history, and symptoms, and as such, were not unduly vague. *See e.g.*, *Rosenbauer v. Astrue*, 2014 U.S. Dist. LEXIS 117519 at *42 (W.D.N.Y. 2014) (a physician's "use of phrases such as 'moderate' or 'mild' . . . does not automatically render [the physician's] opinion impermissibly vague") (collecting cases).

In short, while "the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision," he was "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013) (unpublished opinion). Furthermore, it is "not require[d] that [the] ALJ have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir.1983).

Here, the ALJ discussed the medical opinion evidence, set forth the weight afforded to it, and cited and discussed, in his decision, specific evidence in the record which supported his RFC determination. As such, I do not find that the ALJ improperly substituted his "own expertise or view of the medical proof [in place of] any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

I have considered the rest of plaintiff's arguments and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not based on legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #11) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #16) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 21, 2019.